**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRANSLUCENT COMMUNICATIONS** | ) | |
| | ) | |
| **Translucent,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 8:08-CV-03235-WGC** |
| | ) | |
| **AMERICAS PREMIERE CORP, ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | |

**TRANSLUCENT'S MOTION FOR SANCTIONS**
**AGAINST DEFENSE COUNSEL MARK MIXTER**

Plaintiff Translucent Communications, LLC ("Translucent"), by and through undersigned counsel, respectfully moves this Court to impose Sanctions against Defense Counsel Mark Mixter pursuant to 28 USC § 1927, Rules 26, 30, and 37 of the Federal Rules of Civil Procedure, and the inherent powers of this Court, to compensate Translucent for unnecessary litigation expenses and punish Mr. Mixter for his inexcusable, deliberate, and obstreperous behavior throughout this litigation, and Order Mr. Mixter to respond to this Motion pursuant to Local Rule 105.8.

Dated: October 19, 2009

Respectfully submitted,

HOLLAND & KNIGHT LLP

__/s/______________________
Thomas W. Brooke (17503)
Drew E. Shenkman (28886)
2099 Pennsylvania Ave., N.W. Suite 100
Washington, D.C. 20006
thomas.brooke@hklaw.com
drew.shenkman@hklaw.com
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
*Counsel for Plaintiff Translucent Communications*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of October, 2009 a true and correct copy of the foregoing was served electronically on all parties of record.

___/s/______________________
Thomas W. Brooke

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRANSLUCENT COMMUNICATIONS** | **)** | |
| | **)** | |
| **Translucent,** | **)** | |
| | **)** | |
| **v.** | **)** | **Civil No. 8:08-CV-03235-WGC** |
| | **)** | |
| **AMERICAS PREMIERE CORP, ET AL.** | **)** | |
| | **)** | |
| **Defendants** | **)** | |

**TRANSLUCENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST DEFENSE COUNSEL MARK MIXTER**

Plaintiff Translucent Communications, LLC ("Translucent"), by and through undersigned counsel, respectfully files this Memorandum of Law in Support of its Motion for Sanctions and requests that this Court impose monetary sanctions on Counsel for Defendants Mark Mixter for his inexcusable, deliberate, and obstreperous behavior throughout this litigation. Nearly every action by Mr. Mixter in this case had little purpose other than to cause delay, drive up costs and attorney's fees, and multiply the proceedings by engaging in unreasonable and vexatious conduct. While motions for sanctions in this District are not normally filed as a matter of course, Translucent, and indeed this Court, can no longer tolerate this behavior. Therefore, pursuant to Local Rule 105.8, this Court should Order Mr. Mixter to respond to this Motion for Sanctions and hold him to account for his egregious actions.

## ARGUMENT

### I. This Court Should Impose Monetary Sanctions on Mr. Mixter for Unreasonably Multiplying the Proceedings by Engaging in Unreasonable and Vexatious Conduct.

There are several applicable legal grounds upon which this Court can impose sanctions upon Mr. Mixter for his intentionally disruptive behavior throughout the course of this litigation.

First, this Court has the inherent authority to redress discovery misconduct through the imposition of sanctions upon an attorney ranging from award of expenses to a default judgment. *See Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 497 (D.Md.2000)(Gauvey, J.); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980)(authorizing award of attorney fees against counsel). Second, this Court may sanction attorneys pursuant to 28 U.S.C. § 1927, which provides in pertinent part that "[a]ny attorney ... admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.; Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 459 (D. Md. 2001)(J. Bredar)(quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995)). The Fourth Circuit requires the trial court to look to the intent of counsel and award sanctions where there is a finding of bad faith. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n25 (4th Cir. 1991). Sanctions may be awarded if counsel's intent was to cause a nuisance or to unreasonably increase litigation proceedings. *See DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999). If the behavior is intentional or in "reckless disregard" of the attorney's duties to the court, the court has greater impetus to award sanctions. *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 459 (D.Md. 2001)(quoting *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 267 (10th Cir. 1995)).

Since the inception of this litigation, Mr. Mixter has intentionally and unjustifiably delayed every single phase of these proceedings, and has in bad faith caused unnecessary expenditures of time and money by Translucent and this Court. Mr. Mixter repeatedly thumbs his nose at the Local Rules, the Federal Rules of Civil Procedure, this Court's Scheduling Order, and the standards for discovery required in this District. *See Mancia v. Mayflower Textile Servs. Co.*,

253 F.R.D. 354, 360 (D.Md. 2008)(J. Grimm)("[D]iscovery must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense."). Translucent has had to defend itself against Mr. Mixter's frivolous motions and suffered additional attorney's fees and costs, and been forced to file motions to address Mr. Mixter's clear ignorance of the rules on general discovery, experts and document production.

**A. Defendants' Failure to Produce Documents and Discovery Delays.**

An example of Mr. Mixter's unreasonable and intentionally dilatory behavior is illustrated by Translucent's expensive and time consuming effort to obtain documents and electronically stored information pursuant to simple and narrow Rule 34 document requests. In short, Mr. Mixter forced Translucent to chase documents that should have been produced by Defendants without the need for this Court's intervention. Defendants' delay, however, resulted in a "satellite litigation" over document production, thereby wasting the Court and Translucent's time and resources.

Well beyond the original deadline for production, Mr. Mixter eventually produced for Defendants a mere fifty-seven pages of documents and subsequently denied that any additional documents were available. During later depositions, however, it became clear that Defendants not only failed to produce the majority of their electronic records, but also failed to produce any of their paper records. Translucent was forced to file a Motion to Compel, granted by this Court on August 10, 2009. (Dkt. No. 48). Defendants were Ordered to produce missing documents, and instead, Mr. Mixter provided a completely irrelevant "data dump," purportedly of hard drive images from Defendants' computers on number of CD's. However, these CD's, many of which are corrupted, contained nothing more than email files from some of Defendants' employees, yet

notably nothing from Defendant Paul Greene, and no paper documents. See Translucent's correspondence to Mr. Mixter and his response attached hereto as Exhibit A.

Translucent expended great time and resources in fighting for access to basic discovery documents, and upon receipt of the CD's, incurred great cost and expenses utilizing Summation, its counsel's electronically stored information search tool, as well as associated litigation support personnel time and resources. Mr. Mixter should be held accountable for Translucent's time and efforts, and accordingly pay Translucent's attorney's fees and related search costs, at the very least, in relation to the "data dump" on the CD's given to Translucent. Mr. Mixter demonstrated the requisite "reckless disregard" for the time and effort to which Translucent would incur in searching their contents. Translucent's requests were targeted and precise. Mr. Mixter's production on behalf of Defendants clearly was not.

**B. Eleventh-Hour Cancellation of Court-Ordered Post-Discovery Depositions.**

Further in line with his habitual delay tactics, Mr. Mixter sought an eleventh-hour delay to broadly "extend" discovery two days before discovery was to have closed on July 23, because "it has become quite apparent [to them] in the last few weeks that the amount of time afforded the parties in which to conclude discovery is insufficient." (*See* Dkt. No. 31). As usual, Mr. Mixter did not make any showing of good cause, or any cause for that matter, sufficient to warrant extending the discovery deadline, which accordingly was denied by this Court (Dkt. No. 48). This Court, however, gave Mr. Mixter an opportunity to explain his need for an extension of the discovery period, heard his numerous motions in Court, and afforded him an opportunity to depose two additional witnesses, Daniel Toledo, Translucent's Vice President, and non-party Marc Green during an extended limited discovery period. Despite this Court's efforts to permit Defendants to conduct necessary discovery even after the discovery deadline, Mr. Mixter, who

had noticed the depositions for September 2, 2009, cancelled both depositions the day before, this time without providing any reason at all. A copy of this correspondence is attached hereto as Exhibit B. Translucent expended great time and resources in preparing Mr. Toledo for his deposition, and Mr. Mixter should be ordered to reimburse Translucent for such attorney's fees and costs.

**C. Mr. Mixter's Motion to Withdraw on the Eve of Dispositive Motions.[1]**

Mr. Mixter's most recent Motion to Withdraw typifies his pattern of delay. As noted above, the timing of this Motion was clearly intended to coincide with the dispositive motion deadline. It was nothing more than a tactical attempt to prevent this Court from reaching the merits of Translucent's filed summary judgment motion. Indeed, if as Mr. Mixter insists, Mr. Sellman is his co-counsel, then a seamless, inconsequential substitution of counsel was in order—not a Motion. Instead, Mr. Mixter filed a Motion clearly aimed at distracting Translucent and disrupting the judicial process. Mr. Mixter also incorrectly represented to this Court that his Motion was "unopposed" without ever consulting Translucent. Dkt. Nos. 54-56.

Mr. Mixter's behavior on behalf of Defendants far exceeds the threshold for which sanctions may be imposed. *See Higgenbotham*, 202 F.R.D. at 459 (sanctioning attorney $1000 under §1927 for improper conduct during a deposition). *See also Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494 (D. Md. 2000)(J. Gauvey)(imposing $37,258.39 sanctions on defendant and its counsel jointly and severally for incomplete document production, failure to provide accurate interrogatory answers, lack of diligent search for documents, refusal to answer questions at a deposition, and for lack of candor with the Court and opposing counsel).

[1] Translucent directs the Court to its Memorandum in Opposition to Mark Mixter's Motion to Withdraw on Behalf of Defendants filed contemporaneously with this Motion.

**D. Last-Minute Cancellation of Scheduled Depositions in May.**

Finally, disruption and delay has been Mr. Mixter's only strategy from the very beginning. Shortly after the schedule was set in this case, Translucent sought the deposition of Defendant Paul Greene. However, Mr. Mixter would not give Translucent dates when he or his client would be available. Mr. Mixter also insisted that the deposition of Translucent's President, Mr. Brett Schmulian take place at the same time as Mr. Greene's deposition. After a series of false starts Translucent obliged, and scheduled Mr. Greene's deposition for May 25, 2009 in Bethesda, Maryland, and Mr. Schmulian's for May 26, 2009 in Baltimore, Maryland.

However, less than 24-hours prior to Mr. Greene's scheduled deposition, Mr. Mixter sent Translucent a fax singlehandedly cancelling both depositions, and stating that he was unable to properly prepare for them because he was attending his daughter's college graduation. A true and correct copy of this fax is attached hereto as Exhibit C. As a direct result of Mr. Mixter's conduct, Translucent cancelled the court reporter at the expense of $65.62 in late-cancellation fees, and Mr. Schmulian lost $289.20 as a result of non-refundable airfare. True and correct copies of these expenses and a letter demanding payment are attached hereto as Exhibit D.

Courts have awarded costs merely because depositions were canceled. See *Pratt v. Antoine*, 2009 WL 691935, 4 (S.D.N.Y. 2009)(imposing costs on party that cancelled deposition the day before). Moreover, Mr. Mixter's pattern of conduct here supports further sanctions. It strains all credibility that Mr. Mixter was unaware of his daughter's graduation so as not to properly budget his time accordingly. Counsel for Translucent promptly requested payment of the plane ticket and court reporter fees totaling $354.82, but Mr. Mixter never reimbursed Translucent. Mr. Greene's deposition did not actually take place until June 15, 2009.

## CONCLUSION

Mr. Mixter unreasonably and intentionally multiplied these proceedings. Mr. Mixter delayed the deposition of Defendant Greene for two months, and intentionally waited until the day before the deposition to cancel offering only perfunctory excuses, and refused to reimburse Translucent for the associated costs. He intentionally waited to cancel two other Court-Ordered post-discovery depositions scheduled well in advance, offering no excuse at all. He failed to produce documents on time, and largely produced none at all, claiming that it was all his clients gave him. Months later, after close of discovery, he produced a "data dump" of completely irrelevant electronically stored information on CD's in total reckless disregard of the potential costs to Translucent associated with sifting through it. Finally, after his path of destruction in this litigation was complete, Mr. Mixter now seeks to withdraw, leaving his clients technically unrepresented, in one final attempt to derail this litigation, and even incorrectly representing to this Court that his Motion was "unopposed" by Translucent. (Dkt. No. 54).

The pattern of delay and disruption by Mr. Mixter in this case fits his general pattern as a Maryland attorney. In 2001, Magistrate Judge Bredar found that "Mr. Mixter acted unreasonably and vexatiuosly and intentionally disregarded his duties to this Court…and that this "multiplie[d] the proceedings" by necessitating that [the] deposition be reconvened at a later date." *Higgenbotham*, 202 F.R.D. at 459 (sanctioning Mr. Mixter for ordering his witness leave a deposition before opposing counsel was finished for a purely retaliatory purpose). There, Mr. Mixter was fined a total of $1000 to compensate the opposing party for merely disrupting one deposition. *Id.* Further, the Maryland Court of Appeals' Attorney Grievance Commission recently reprimanded Mr. Mixter by consent for "improperly delaying litigation in violation of the Rules." *See Attorney Grievance Com'n of Maryland v. Mixter*, 943 A.2d 615 (Md. 2008).

Mr. Mixter has exhibited such dilatory and contemptuous behavior since the inception of this case. It is unacceptable, and Mr. Mixter must be sanctioned.. These sanctions should include the costs and attorneys fees incurred by Translucent in its fruitless chase for simple discovery documents, including the most recent "data dump" and associated time and resource-consuming search efforts. These sanctions should also include the attorney's fees and costs associated in the preparation of Mr. Toledo's deposition, which was cancelled the day before for no reason. These sanctions should also include the costs incurred by Translucent due to the cancellation of the first Greene and Schmulian depositions in the amount of $354.82. *See* Exh. D. In addition, the Court should award any other amount it deems fair and reasonable, including an award of expenses caused by Counsel for Defendants' intentional and unreasonable dilatory behavior. Upon request of this Court, Translucent is ready willing and able to provide all documentation in accordance with the local rules to aid this Court in determining the amount of attorney's fees due to be paid by Mr. Mixter's inexcusable conduct.

Therefore, Translucent respectfully requests this Court impose sanctions upon Counsel for Defendants, Mark Mixter, for intentionally multiplying these proceedings throughout the course of this litigation, creating "satellite litigation" which sole purpose was to delay, distract, and drive up costs, and pursuant to Local Rule 105.8, Order Mr. Mixter to respond to this Motion for Sanctions and answer for his vexatious conduct which has unnecessarily multiplied the proceedings.

Dated: October 19, 2009

Respectfully submitted,

HOLLAND & KNIGHT LLP

__/s/______________________

Thomas W. Brooke (17503)
Drew E. Shenkman (28886)
2099 Pennsylvania Ave., N.W. Suite 100
Washington, D.C. 20006
thomas.brooke@hklaw.com
drew.shenkman@hklaw.com
Telephone: (202) 955-3000
Facsimile: (202) 955-5564
*Counsel for Plaintiff Translucent Communications*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of October, 2009 a true and correct copy of the foregoing was served electronically on all parties of record.

___/s/_____________________

Thomas W. Brooke